HARRIS & PARKER v. WELCH.

1. **Promissory Note:** MEANING OF "TRANSFERRED." Where notes which had been deposited in plaintiffs' bank were afterwards sold to them, and the court, in its instructions, referring to the sale of the notes, used the words "sold and transferred," *held* that the jury could not have understood the court, by the use of the word "transferred," to refer to the original delivery of the notes to plaintiffs, but only to the transfer of the title to them in consummation of the sale.

*Appeal from Buena Vista District Court.*

Thursday, October 28.

Action for damages alleged to have been sustained by reason of the breach of an agreement. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiffs appeal.

*Robinson & Milchrist,* for appellants.

*J. N. Weaver* and *A. E. Clarke,* for appellee.

Adams, Ch. J.—The defendant entered into a trade with the plaintiffs, whereby they sold him certain property, and in consideration thereof he transferred to them certain promissory notes. Among the notes was one executed by one Pickering, and secured by a chattel mortgage upon two horses and two lumber wagons, which property, at the time of the trade, had been taken by Pickering to Nebraska. The petition averred, in substance, that the plaintiffs hesitated about taking the Pickering note, and that the defendant, in order to induce them to take it, entered into an agreement that the mortgaged property should be returned in good condition, and, when so returned, should be ample security for the note. It also averred that the property had not been returned. The plaintiffs testified to the agreement substantially as set out in their petition, and the defendant corroborated them to a certain extent. The parties differ, however, as to when the alleged agreement was made. If it was made, as the defendant contends that it was, after the notes had been transferred, and the trade concluded, it was made merely as a favor to the plaintiffs, and was without consideration, and so did not become a legal obligation.

I. The court gave an instruction in these words: "You will determine from the evidence what the agreement of the

parties was in relation to a return of the property to this county; and upon the questions here presented you are instructed that, if it was a part of the agreement between the parties under which the note and mortgage in controversy were sold and transferred to the plaintiffs that the defendant was to see to it that the property should be returned to this county by a time named or understood between them, then it was his duty, under such agreement, to have the property returned by the time understood or agreed upon.      *      *      *      But if you believe from the evidence that it was not a part of the agreement under which the note and mortgage were sold and transferred to the plaintiffs that the defendant was to see that the mortgaged property should be returned to the county, but that defendant, after the sale and transfer of the mortgage and note were made, and the bargain fully closed, agreed that he would see that the property should be returned to the county, then the agreement would be without consideration, and of no force or effect." The plaintiffs complain of the giving of this instruction. They do not deny that it is correct as an abstract proposition of law, but they insist that, in view of a proven fact in the case, it was liable to mislead, without some further explanation or qualification. The fact is, the plaintiffs were bankers, and the mortgage and note in question, with other notes, had been deposited by the defendant in the plaintiffs' bank, and were there at the time of the trade. The plaintiffs contend that, such being the fact, the jury might have misunderstood the word "transferred" as used in the instruction, and might have applied it to the original delivery of the notes to the bank, which was some time prior to the trade, and prior to the making of the agreement in question. But, in our opinion, the instruction was not liable to such misconstruction by the jury. The word "transferred" is used in connection with the word "sold," and as something done under the agreement of sale. The jury could not have been guilty of the absurdity of suppos-

ing that the original delivery to the bank, made some time before the sale, was done under it. We think that the instruction is not only a correct expression of the law, but that the language used is not subject to any criticism.

II. The plaintiffs contend that the undisputed evidence shows that the defendant's agreement was made at the time of the sale and transfer; but we think otherwise. According to the testimony of the defendant as set out in his additional abstract, which we take to be correct, the first conversation had in respect to an agreement to the effect that defendant would see to it that the property should be returned, was in October following the September in which the sale of the note was made.

We think that the judgment must be

AFFIRMED.